UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT F. REEVES,

        Petitioner,

    v.                             CAUSE NO.: 3:18-CV-136-RLM-MGG

WARDEN,

        Respondent.

OPINION AND ORDER

Robert F. Reeves, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge the revocation of his parole on August 23, 2017, in connection with a 2015 conviction in the Grant Superior Court for neglect of a dependent, operating a vehicle while intoxicated, and theft.[1] Before this court can consider a habeas corpus petition challenging a state proceeding, the petitioner must have presented his claim to the state courts. "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." Lewis v. Sternes, 390 F.3d 1019, 1025-1026 (7th Cir. 2004).

There are two possible methods for challenging a parole revocation in Indiana: by filing a post-conviction relief petition, Receveur v. Buss, 919 N.E.2d 1235 (Ind. Ct. App. 2010), or by filing a state habeas corpus petition if the inmate seeks immediate release. Lawson v. State, 845 N.E.2d 185, 186 (Ind. Ct. App.

---

[1] Under cause numbers 27D02-1308-FC-000062 and 27D02-1312-FD-519.

2006). If a state habeas corpus petition is improperly filed, it will be converted to a post-conviction petition. Hardley v. State, 893 N.E.2d 740, 743 (Ind. Ct. App. 2008); Ward v. Ind. Parole Bd., 805 N.E.2d 893 (2004).

The record before this court is confusing, but one thing is clear: Reeves hasn't presented the claim he raises here to the Indiana Supreme Court. He hasn't exhausted his state court remedies and this case must be dismissed without prejudice so that he can exhaust this claim in the state courts. If, after he has ultimately presented his claim to the Indiana Supreme Court, he hasn't yet obtained relief, then he may return to federal court and file a new habeas corpus petition.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." Dolis v. Chambers, 454 F.3d 721, 725 (7th Cir. 2006). Mr. Reeves has at least one-year from when his parole was revoked on August 23, 2017, to seek federal habeas review. *See* 28 U.S.C. § 2244(d)(1). Filing a motion for post-conviction relief in the state courts tolls the one-year limitations period. *Id.* § 2244(d)(2). Therefore, dismissing this petition won't effectively end Mr. Reeves's chance at federal habeas corpus review, and a stay isn't appropriate for this case.

The court must consider whether to grant or deny a certificate of appealability. Section 2254 Habeas Corpus Rule 11. To obtain a certificate of appealability when the petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether

the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484 (2000). As previously explained, the claim Mr. Reeves presents is unexhausted. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons:

(1) the petition is DISMISSED WITHOUT PREJUDICE pursuant to Section 2254 Habeas Corpus Rule 4 because the claim is unexhausted;

(2) a certificate of appealability is DENIED pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) the Clerk is DIRECTED to close this case.

SO ORDERED on March 26, 2018

                                                s/ Robert L. Miller, Jr.
                                                JUDGE
                                                UNITED STATES DISTRICT COURT